UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61143-CIV-ZLOCH

FELIPE VARELA, and MARIA
CRISTINA VARELA, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,                       **FINAL JUDGMENT**

vs.

MOSKOWITZ, MANDELL, SALIM &
SIMOWITZ, P.A, and SCOTT E.
SIMOWITZ,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Joint Motion For Approval Of Class Settlement (DE 15) filed herein by all Parties. The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The instant Motion (DE 15) states that the Parties have entered into a Class Action Settlement Agreement (DE 15, Ex. A) (hereinafter "Settlement Agreement"), which is subject to review under Federal Rule of Civil Procedure 23. The Settlement Agreement sets forth the terms and conditions for the proposed settlement with prejudice of the claims alleged in the Complaint (DE 1).

    By prior Order (DE 16), the Court issued preliminary approval of the Settlement Agreement and set a schedule for the provision of notice to the members of the Class and for receiving objections and exclusions to the Class. The Court also set this matter for a fairness hearing. On Friday, October 10, 2008, a fairness hearing was held. The Parties announced that they have complied with the

requirements of said prior Order (DE 15).  No member of the Class filed a timely objection to the settlement or a notice of opting out.  However, one member of the Class, Catherine Riggins, Esq. did file an opt-out notice after the deadline.  Counsel for Plaintiffs and Defendants stated that they had no objection to Ms. Riggins opting out of the Class.

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. The Court has jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiffs and Defendants have entered into a Class Action Settlement Agreement;

3. The Settlement Agreement has been submitted to the Court for final approval pursuant to Federal Rule of Civil Procedure 23(e);

4. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

    a. The number of Class Members is so numerous that joinder of all members thereof is impracticable;

    b. There are questions of law and fact common to the Class;

    c. The claims of the Class Representatives are typical of the claims of the Class Members they seek to represent;

    d. The Class Representatives have and will fairly and adequately represent the interests of the Class;

    e. The questions of law and fact common to the members of

the Class predominate over any questions affecting only individual members of the Class; and

    f. A class action is superior to other available methods for the fair and efficient adjudication of the controversy;

5. Pursuant to Rule 23(b)(3), the Court hereby certifies a class consisting of (i) all persons to whom Defendants Moskowitz, Mandell, Salim & Simowitz, P.A. and Scott E. Simowitz sent letters in the same or substantially similar form as that attached as Exhibit A to the Complaint (DE 1); (ii) in an attempt to collect a debt incurred for personal, family, or household purposes; (iii) during the period from August 14, 2006, to August 13, 2007; and (iv) were not deceased (hereinafter "the Class");

6. Excluded from the Class is Ms. Catherine Riggins, Esq.;

7. Pursuant to the Settlement Agreement, Defendants will pay statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(B), of $2,000.00 to Plaintiffs Felipe Varela and Maria Cristina Varela and $20,000.00 to the Class Members to be distributed on a _pro_ _rata_ basis to the Class Members who did not opt out of the settlement;

8. The settlement negotiations were conducted at arms-length and in good faith among counsel for Plaintiffs and Defendants;

9. The terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiff and all members of the classes. In addition to the other factors stated herein, the Court finds the Settlement Agreement to be fair, adequate, and reasonable in light of the risk of establishing liability and damages, and the expense

of further litigation;

10. No attorney's fees are awarded by this Final Judgment. Plaintiffs shall file a separation motion for attorney's fees;

11. Any funds not distributed will be paid as a cy pres award to be distributed to the Legal Aid Service of Broward County, Inc. and Legal Services of Greater Miami for use in the representation and education of consumers;

12. No objections to the Settlement Agreement were made; and

13. Catherine Riggins, Esq. filed an opt out notice, electing to opt out of the Class certified herein.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Settlement Agreement is hereby approved, adopted and ratified by the Court;

2. Plaintiffs Felipe Varela and Maria Cristina Varela and all Class Members who have not timely requested exclusion from the Class are forever barred and enjoined from initiating any claims raised or which could have been raised in this proceeding in any forum whatsoever, including but not limited to any Federal, State, or Foreign Court against Defendants;

3. Within thirty (30) days of the date of this Final Judgment, Defendants shall pay:

    a. $1,000.00 as statutory damages pursuant to the FDCPA to each of the Representative Plaintiffs, Felipe Varela and Maria Cristina Varela; and

    b. Twenty Thousand Dollars ($20,000.00) to the Class to

be distributed on a pro rata basis to the Class Members who did not opt out of the settlement as class statutory damages ("Class Settlement Fund");

4. Any monies from the Class Settlement Fund which cannot be distributed are awarded as a cy pres remedy to be distributed to the Legal Aid Service of Broward County, Inc. and Legal Services of Greater Miami for use in the education and representation of consumers;

5. If the Parties are unable to amicably settle the matter of attorney's fees without intervention by the Court, Plaintiffs shall move to recover their attorney's fees within ten (10) days of the date of this Final Judgment;

6. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement;

7. The above-styled cause be and the same is hereby **DISMISSED** with prejudice; and

8. To the extent not otherwise disposed of herein, all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    15th    day of October, 2008.

                                                */s/ William J. Zloch*
                                        WILLIAM J. ZLOCH
                                        United States District Judge

Copies furnished:

All Counsel of Record